**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0706n.06

**Case No. 08-2272**

**FILED**
**Nov 15, 2010**
LEONARD GREEN, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

In re:  JOSE ANTONIO RODRIGUEZ,     )
                                    )
    Debtor,                     )
                                    )
------------------------------------------------  )
STUART GOLD, TRUSTEE FOR, THE       )      **ON APPEAL FROM THE**
ESTATE OF JOSE ANTONIO              )      **UNITED STATES DISTRICT**
RODRIGUEZ,                          )      **COURT FOR THE EASTERN**
                                    )      **DISTRICT OF MICHIGAN**
    Plaintiff-Appellant,        )
                                    )
        v.                  )
                                    )
FEDEX FREIGHT EAST, INC.,           )
                                    )
    Defendant-Appellee.         )
_____ )

Before:  BATCHELDER, Chief Circuit Judge; SUTTON and KETHLEDGE, Circuit Judges.

**ALICE M. BATCHELDER, Chief Judge.**  Jose Rodriguez sued his former employer,

FedEx Freight East, Inc., alleging various claims of discrimination and retaliation on the basis of his

race, in violation of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws §§

37.2101 *et seq*.  FedEx obtained summary judgment on all claims and, on appeal, we affirmed that

judgment except as to Rodriguez's claim that FedEx had refused to promote him because of his

Hispanic accent.  That claim we remanded for trial.  *In re Rodriguez*, 487 F.3d 1001 (6th Cir. 2007).

On remand, the case was tried to a jury and the jury returned a verdict for FedEx.  Rodriguez

moved for JNOV, mistrial, a new trial, and an order striking certain testimony.  He alleged errors

based on juror misconduct, evidentiary rulings, jury instructions, defense counsel misconduct,

insufficiency of the evidence, and the court reporter's misconduct. The district court considered the

motion and authored a thorough and meticulous 19-page opinion denying it. *See Rodriguez v. FedEx*

*Freight East, Inc.*, 2008 WL 4155677, at *13 (E.D. Mich. Sept. 5, 2008) (unpublished). Rodriguez

moved for reconsideration and the district court denied that motion as well. *See Rodriguez v. FedEx*

*Freight East, Inc.*, 2008 WL 4290180, at *2 (E.D. Mich. Sept. 17, 2008) (unpublished).

After carefully reviewing the record, the law, and the briefs and arguments on appeal, we find

that the district court's opinion correctly sets out the applicable law and correctly applies that law

to the facts in the record. But we think it wise to address very briefly Rodriguez's claim that the

district court erred in refusing to give the "mixed motive" jury instruction Rodriguez requested. The

district court properly instructed the jury using the Michigan Model Civil Jury Instructions, including

the instructions explaining Michigan's definition of employment discrimination and the burden of

proof for Michigan employment discrimination cases. Those instructions explicitly explained to the

jury that Rodriguez's national origin "does not have to be the only reason, or even the main reason"

that FedEx did not promote him, but it did have to be "one of the reasons which made a difference

in determining whether or not to promote [him.]" Further, the instruction required the jury to find

in favor of Rodriquez if it found that FedEx failed to promote him and that his national origin was

one of the reasons for that failure. Rodriguez now claims that these instructions are contrary to our

opinion reversing the summary judgment for FedEx on this claim and remanding it for trial.

Rodriguez is mistaken. Our earlier opinion simply held that sufficient evidence had been presented

to raise a jury question as to whether FedEx had acted with a discriminatory motive, and that FedEx

had failed to demonstrate *at the summary judgment stage* that even if it had acted with

2

discriminatory motive, it would nonetheless have taken the same action for legitimate reasons.  The court's jury instructions comport with this legal framework even if they are not as specific as the ones Rodriguez proposed.  After reviewing the trial record, we find no error in the district court's providing the jury with the instructions that we have repeatedly found to be correct as a matter of Michigan law.

We conclude that the issuance of a full written opinion by this court would serve no useful purpose.  Accordingly, for the reasons stated in the district court's opinions, we **AFFIRM**.[1]

---

[1]The National Lawyers Guild and the Michigan Association for Justice have each moved for permission to file amicus briefs in this appeal.  The National Lawyers Guild urges us to create a model jury instruction for civil cases forbidding jurors from accessing the internet and the Michigan Association for Justice urges us to make an investigatory hearing mandatory any time a juror does access the internet.  Because we, as a three-judge panel, are not empowered to make these proclamations and because our disposition of this appeal pretermits these arguments, we DENY the motions.