NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0254n.06

No. 10-1252

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Mar 05, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| JOSE ANTONIO RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| HONIGMAN MILLER SCHWARTZ & | ) | EASTERN DISTRICT OF MICHIGAN |
| COHN LLP, et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: GIBBONS and SUTTON, Circuit Judges; and ADAMS, District Judge.[*]

**JULIA SMITH GIBBONS, CIRCUIT JUDGE.** Plaintiff-appellant Jose Rodriguez appeals

the district court's order granting the motion to dismiss of defendants-appellees, FedEx Freight East,

Inc., Rodney Adkinson, Laura Brodeur, Matthew Disbrow, William Sargent, and the law firm

Honigman, Miller, Schwartz, and Cohn, LLP. The district court dismissed Rodriguez's fraud on the

court claim, in which he alleged that opposing counsel engaged in fraud on the courts in a prior

employment discrimination action brought against FedEx Freight East, Inc. Because the district

court properly found that Rodriguez failed to allege sufficient facts to plausibly support his fraud on

the court claim, we affirm the order granting defendants' motion to dismiss.

---

[*]The Honorable John R. Adams, United States District Judge for the Northern District of
Ohio, sitting by designation.

-1-

No. 10-1252
*Rodriguez v. Honigman, et al.*

I.

The instant case, filed on December 2, 2009, in United States District Court for the Eastern District of Michigan alleges fraud on the court stemming from a prior employment discrimination lawsuit and requests that the summary judgment order in that action be set aside and vacated. Rodriguez commenced the underlying employment lawsuit against his former employer FedEx Freight, Inc. ("FedEx") on November 11, 2003 in the Wayne County Circuit Court. The case was subsequently removed to the United States District Court for the Eastern District of Michigan. In March 2004, while the action was pending before the district court, Rodriguez declared bankruptcy, and the suit against FedEx became an asset of the bankruptcy estate. On October 19, 2004, FedEx filed a motion for summary judgment in the district court proceeding and attached a non-notarized version of an affidavit from defendant Rodney Adkinson, who is a regional human resources manager for FedEx, in support of the motion. In light of the ongoing bankruptcy proceeding, the district court referred the motion to the United States Bankruptcy Court for the Eastern District of Michigan for resolution.

On August 26, 2005, the bankruptcy court held a hearing on FedEx's motion for summary judgment. Counsel for Rodriguez complained that the Adkinson affidavit was inappropriate support for the summary judgment motion: "I went to court records today, there's an unsworn affidavit from Rodney Atkinson [sic]. So the motion for summary judgment is not properly supported." In response, FedEx attorney Laura Brodeur offered to submit a notarized version of the Adkinson affidavit, which she indicated had been notarized in October of 2004, when the motion for summary

judgment had initially been filed. The bankruptcy judge responded to Brodeur's offer, "I'll accept your representation, but I do think you should give [Rodriguez's counsel] a copy." Brodeur accordingly mailed the notarized version of the Adkinson affidavit to Rodriguez's counsel on August 29, 2005. The bankruptcy court subsequently granted the motion for summary judgment in favor of FedEx, and the district court affirmed. *In re Rodriguez*, 2006 WL 1522584 (E.D. Mich. May 30, 2006).[1]

Rodriguez then appealed to this court, which affirmed the grant of summary judgment on his hostile work environment, constructive discharge, and retaliation claims and vacated and remanded for further proceedings on his failure-to-promote claim. *In re Rodriguez*, 487 F.3d 1001, 1012 (6th Cir. 2007). On remand, the jury returned a verdict in favor of FedEx, and Rodriguez again appealed to this court, which affirmed the district court decision denying Rodriguez's motions challenging the result at trial. *In re Rodriguez*, 403 F. App'x 55 (6th Cir. 2010).

On December 2, 2009, Rodriguez filed this fraud on the court claim seeking relief from the adverse decision granting summary judgment to FedEx. Invoking Federal Rules of Civil Procedure 60(b) and 60(d), Rodriguez requested that the bankruptcy court's December 2005 order granting

---

[1]The district court cited Adkinson's affidavit four times in its order, noting, for example, that "Rodriguez does not dispute Adkinson's attestation that 'Rodriguez never submitted any formal applications for any job positions during his tenure with FedEx.'" *In Re Rodriguez*, 2006 WL 1522584, at *5. The court acknowledged in a footnote the arguments that had been raised about the Adkinson affidavit, as well as other submitted affidavits: "The parties[] each challenge the technical sufficiency of the opposing parties' affidavits. To reach the merits of Rodriguez's claims, the court assumes the parties would each be able to correct the technical flaws in their proferred affidavits on resubmission." *Id.* at *6 n.2.

summary judgment be set aside. Rodriguez's claim stems from the circumstances surrounding the submission of the Adkinson affidavit in support of FedEx's summary judgment motion. Broadly, Rodriguez alleges that defendants submitted a non-notarized affidavit in support of their motion as part of a plan to mislead the courts into granting summary judgment in favor of FedEx. Rodriguez asserts that defendants intentionally filed a non-notarized affidavit because they knew that it contained false material assertions.

On December 24, 2009, defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and a motion for summary judgment pursuant to Rule 56(c). The district court granted the motion to dismiss on February 10, 2010. Finding Rodriguez's 60(b)(3) motion for relief from a judgment on grounds of fraud time-barred because it was not filed within one year from the entry of the final judgment, the district court examined whether Rodriguez could maintain an action under Rule 60(d), which has no time limitation. The district court found that even accepting Rodriguez's factual allegations as true, the allegations failed to plausibly suggest acts of extrinsic fraud necessary to support a finding of fraud on the courts. Specifically, the court found that:

> Affidavits proffered and filed with the Bankruptcy Court, this court, and the Sixth Circuit Court of Appeals, including Adkinson's affidavit, indicate on their face whether they are notarized or sworn. The nature of Adkinson's affidavit, sworn or unsworn, notarized or "un-notarized" was within Rodriguez's Counsel's knowledge, as well as the courts', as a matter of record. The facts as alleged by Rodriguez do not support a plausible claim that Rodriguez was deprived of the opportunity to raise the alleged "un-notarized" or unsworn character of Adkinson's affidavit in the Bankruptcy Court, the District Court, or the Court of Appeals.

R. 12 at 6 (internal citations omitted). The court also found the allegation that Adkinson made false material statements in his affidavit insufficient to support a plausible fraud on the courts claim and

characterized additional allegations, which essentially set forth the elements of fraud as outlined in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), as conclusory and unavailing. Rodriguez timely appealed the district court's grant of defendants' motion to dismiss.

## II.

This court reviews the district court's order granting a Rule 12(b)(6) motion to dismiss *de novo*. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 572 (6th Cir. 2008). "We accept all the Plaintiffs' factual allegations as true and construe the complaint in the light most favorable to the Plaintiffs." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citation omitted). Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

## III.

Relief from a judgment or order on the grounds of fraud may be obtained by motion under Federal Rule of Civil Procedure 60(b)(3) or by independent action under Rule 60(d)(1). In addition,

a claim of "fraud on the court" can serve as grounds for relief from judgment. Fed. R. Civ. P. 60(d)(3). However, relief from a judgment through an independent action in equity is appropriate only in cases "of unusual and exceptional circumstances." *Barrett v. Sec'y of Health & Human Servs.*, 840 F.2d 1259, 1263 (6th Cir. 1987) (internal quotations omitted). This requirement stems from the "deep rooted policy in favor of the repose of judgments entered during past terms." *Hazel-Atlas Glass Co.*, 322 U.S. at 244.

> Fraud on the court has been defined by this circuit as:
>
> [C]onduct: (1) On the part of an officer of the court; (2) That is directed to the "judicial machinery" itself; (3) That is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth; (4) That is a positive averment or is concealment when one is under a duty to disclose; (5) That deceives the court.

*Workman v. Bell*, 245 F.3d 849, 852 (6th Cir. 2001) (quoting *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993)). In order to provide "safeguards against actions that interfere with [the] administration of justice" fraud on the court may serve as grounds to set aside a judgment. *Demjanjuk*, 10 F.3d at 352. However, to succeed on a claim of fraud on the court one must establish that the "deceit . . . 'actually subvert[ed] the judicial process' by preventing the judicial machinery from performing in the usual manner to impartially adjudge the case presented." *Followell v. Mills*, 317 F. App'x 501, 506 (6th Cir. 2009) (alteration in original) (quoting *Demjanjuk*, 10 F.3d at 352).

## A.

As an initial matter, the district court correctly found that Rodriguez cannot bring his claim of fraud on the court pursuant to Rule 60(b)(3) because Rodriguez filed his complaint approximately four years after the bankruptcy court entered its summary judgment order. Rodriguez failed to

comply with the one-year time limit on bringing Rule 60(b)(3) motions imposed by Rule 60(c)(1). Because Rodriguez also brought his claim under Rule 60(d), which has no time limitation, the sufficiency of his claim is properly analyzed under the standards applicable to Rule 60(d) actions for fraud on the court.

Rodriguez contends that he alleged sufficient facts to support a claim of fraud on the courts because he alleged (1) that FedEx's attorney Brodeur was involved in a deliberate plan to submit the Adkinson affidavit containing material false statements to the court with the intent of deceiving the court into granting summary judgment in favor of FedEx, (2) Brodeur made "positive averments" regarding the affidavit to court at the August 26, 2005 hearing on the motion for summary judgment, and (3) the bankruptcy court did grant summary judgment for FedEx, which was then affirmed by the district court and affirmed in part by this court. Accordingly, he takes issue with the district court's conclusion that since perjury has been found insufficient to constitute fraud on the court, the submission of a false affidavit also does not constitute the type of egregious misconduct that qualifies as fraud on the court. Rodriguez cites *H. K. Porter Co. v. Goodyear Tire & Rubber Co.*, for the proposition that as officers of the court, attorney "conduct, if dishonest, would constitute fraud on the court." 536 F.2d 1115, 1119 (6th Cir. 1976). Rodriguez is correct that "[c]ases dealing with fraud on the court often turn on whether the improper actions are those of parties alone, or if the attorneys in the case are involved." *Demjanjuk*, 10 F.3d at 352. Courts are more likely to find misconduct rising to the level of fraud on the court where lawyers rather than clients engage in the

actions. *See id.* Here, however, Rodriguez has not alleged sufficient facts to render his claim plausible as opposed to merely possible.

First, Rodriguez has not alleged any specific facts regarding the conduct of attorneys Matthew Disbrow and William Sargent in connection with the submission of the Adkinson affidavit. Instead, the complaint focuses on the actions of attorney Brodeur and alleges that she knowingly misrepresented at the August 26th hearing on summary judgment that: Adkinson had notarized an affidavit contemporaneous with the filing of FedEx's motion, she intended to bring the notarized affidavit to Court, and she would file the notarized version of the affidavit with the Court and provide a copy to Rodriguez's counsel. Accepting these allegations as true, Rodriguez has satisfied only three of the five elements of a fraud on the court claim. The allegations clearly describe "positive averments" made by Brodeur, an officer of the court, that were directed at the judicial machinery. Thus, to establish a plausible claim of fraud on the court, the factual allegations in Rodriguez's complaint must satisfy the remaining two requirements of a fraud on the court claim—adequately pleading that (1) defendants engaged in conduct that is "intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth" and (2) that such conduct "deceives the court." *Demjanjuk v. Petrovsky*, 10 F.3d at 348.

Even assuming, *arguendo*, that Rodriguez alleged sufficient facts demonstrating conduct on the part of the defendants that is "intentionally false, wilfully blind to the truth, or . . . in reckless disregard for the truth" to plausibly suggest an entitlement to relief, we find that Rodriguez failed to allege sufficient facts to suggest that the courts were deceived by Brodeur's statements, and,

therefore, his claim must fail. The bankruptcy court and all subsequent courts that considered the motion for summary judgment were aware of the status of the Adkinson affidavit because the fact that the affidavit was not sworn and notarized was clear on the face of the submitted document and Rodriguez's counsel had raised the issue at the August 26, 2005 hearing. Rodriguez does not allege facts that establish that the bankruptcy court's decision on the motion for summary judgment turned on a mistaken belief that a notarized version of the affidavit had been submitted. Brodeur's statements did not prevent the court from observing or investigating the status of the affidavits before it. As noted by the district court, "[a]ffidavits proffered and filed with the Bankruptcy Court, this court, and the Sixth Circuit Court of Appeals, including Adkinson's affidavit, indicate on their face whether they were notarized or sworn." Therefore, because the court was not deceived about the status of the document, the complaint does not sufficiently allege deception of the court.

Rodriguez has also failed to allege specific facts to plausibly suggest that the actions taken by defendants actually subverted the administration of justice or defiled the integrity of the courts. Rodriguez has not alleged a plausible claim that the actions of defendants prevented him from bringing his claims before the court as he acknowledges that he objected to the affidavit during the hearing on the motion for summary judgment and was subsequently able to cross-examine Adkinson at trial in August 2008 regarding the substance of the affidavit. Rodriguez cites *Hazel-Atlas Glass Co.* for the proposition that there is a "general duty to preserve the integrity of the judicial process." However, a comparison to *Hazel-Atlas Glass Co.* reveals the shortcomings of Rodriguez's claim. In that case, the fraud was completely hidden from the district court, court of appeals, and the Patent

Office dealing with the patent at issue. 322 U.S. at 240–42, 245–46. In contrast, the status of the Adkinson affidavit was not hidden from judicial view. In addition, Rodriguez's counsel was able to cross-examine Adkinson at trial, thus revealing any conflicting testimony to the same district court that had previously affirmed the bankruptcy court's summary judgment order.

Rodriguez's allegation that Adkinson made false statements in his affidavit is similarly insufficient to demonstrate deception of the court sufficient to sustain an action for fraud on the court because alleged perjury of a witness is not a ground for such an action. *See H.K. Porter Co.*, 536 F.2d at 1118. Thus, Rodriguez has not alleged sufficient facts to "nudg[e] his claim . . . across the line from conceivable to plausible." *Iqbal*, 129 S. Ct. at 1952 (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted).

In his final challenge to the district court's decision, Rodriguez argues that the district court incorrectly applied the law when deciding defendants' motion to dismiss. Rodriguez argues that the district court failed to follow the proper legal analysis under *Iqbal* because the district court did not specifically identify every allegation it deemed conclusory and did not provide an alternative explanation for the conduct alleged in the remaining nonconclusory allegations. However, the Supreme Court has described the process of determining whether a complaint states a plausible claim for relief as a "context-specific task that requires the reviewing court to draw on its judicial experience and common-sense." *Iqbal*, 129 S. Ct. at 1950. The Court explained that "[a] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* However, the Court did

not mandate that a district court individually address each pleading that it finds to be conclusory.

Here, the district court explained what is necessary to sustain an action for fraud on the court under

Rule 60(d), listed the factual allegations it was accepting as true, and concluded that the factual

allegations failed to plausibly support an action for fraud on the court. The district court's analysis,

although brief, was not contrary to that mandated by *Iqbal*.

B.

Finally, the defendants move for this court to sanction Rodriguez and his counsel under Rule

38 of the Federal Rules of Appellate Procedure and 28 U.S.C. §§ 1912 and 1927 for pursuing a

frivolous appeal, multiplying the proceedings in an unreasonable and vexatious manner, and delaying

the final dismissal of his claims. We have defined an appeal as frivolous where "'it is obviously

without merit *and* is prosecuted for delay, harassment, or other improper purposes.'" *Uhl v.

Komatsu Forklift Co.*, 512 F.3d 294, 308 (6th Cir. 2008) (quoting *Barney v. Holzer Clinic, Ltd.*, 110

F.3d 1207, 1212 (6th Cir. 1997)). Although we decline to impose sanctions, we note that this was

a close call.

IV.

For the foregoing reasons, the judgment of the district court is affirmed. The motion seeking

sanctions on appeal is denied.